David Silver (California Bar No. 312445)
david@bayramoglu-legal.com
**BAYRAMOGLU LAW OFFICES LLC**
1540 West Warm Springs Road, Ste. 100
Henderson, NV 89014
Tel: (702) 462-5973
Fax: (702) 553-3404
*Attorneys for Defendant*

### IN THE UNTIED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| dbest Products, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Guangdong Haixing Plastic and Rubber Co., Ltd.,<br><br>Defendant. | **CASE NO. 2:25-cv-11331-MWC-AS**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S COUNSEL'S MOTION TO WITHDRAW**<br><br>**Hearing Date: March 27, 2026**<br><br>**Hearing Time: 1:30PM PST** |

To the Court of the United States District Court for the Central District of California and to all parties: COMES NOW, Defendant Guangdong Haixing Plastic and Rubber Co., Ltd. ("Defendant") by and through their attorney of record, Bayramoglu Law Office, LLC, submits the following memorandum of law in support of Defendant's Counsel's Motion to Withdraw.

1

## INTRODUCTION

After counsel for Defendant, the Bayramoglu Law Offices ("BLO"), made its appearance in this case, counsel for Plaintiff began making factually and legally unsupported claims that BLO's continued representation created (1) a conflict with former BLO clients, and (2) caused those former clients to breach a settlement agreement they had entered into with the Plaintiff to settle a separate patent infringement lawsuit. BLO's representation in this case is not one where it is representing a client against a former client. BLO has never represented the Plaintiff in any capacity.

As explained below, BLO did represent its former clients against Plaintiff's claims that BLO's former clients infringed the same patents at issue in this case. BLO represents the Defendant in this case against largely the same patent infringement claims leveled by Plaintiff against BLO's former clients. The position of noninfringement taken by BLO's former clients in the previous case is consistent with the defense of noninfringement taken by BLO's current client, the Defendant, in this case. Although the noninfringement position taken by BLO's former clients and the Defendant are not adverse to each other, Plaintiff's counsel demands that BLO withdraw from its representation in this case as Plaintiff claims this creates a conflict of interest with BLO's former clients.

Plaintiff has threatened BLO and its former clients that if BLO does not withdraw from this case Plaintiff will sue BLO's former clients for breach of a settlement agreement that the former clients and Plaintiff entered into to settle their separate patent infringement lawsuit. BLO is **not** a party to that settlement agreement. As explained by Plaintiff's counsel to BLO and BLO's former clients, its claim for breach is based on BLO's representation of the Defendant in this case, a party wholly unaffiliated with BLO's former clients.

2

Plaintiff's counsel has not identified any action taken by BLO's former clients that could be considered a breach of the settlement agreement. However, Plaintiff's counsel has stated that it will nonetheless sue BLO's former clients for the mere "inaction" of not forcing BLO to withdraw from its representation of the Defendant in this case. This threat, and the harm a baseless lawsuit will cause to its former clients, has left BLO in the untenable position that it should withdraw from this case.

Plaintiff's threats are nothing more than an attempt to deprive Defendant of its choice of counsel in this case. BLO would not be making this motion to withdraw but for Plaintiff's counsel's threats, and BLO's reasonable belief that if it doesn't withdraw from this case, Plaintiff will sue its former clients. Therefore, out of an abundance of caution to protect its former clients from having to defend against a baseless and unnecessary lawsuit for breach of contract, and to prevent its current client the Defendant in this case from unnecessary and needless motion practice, BLO makes this request to withdraw.

## BACKGROUND

Plaintiff dbest Products, Inc. ("Plaintiff"), Inc. is a prolific patent plaintiff. Since December of 2024, Plaintiff has been or currently is a party in approximately 57 lawsuits involving allegations of infringement the same types of accused products as in this case. This has only been in the past year as Plaintiff's Patent Nos. US12275446B2 ("the '446 Patent") and US12304546B1 ("the '546 Patent") (collectively "Plaintiff's Patents") were issued less than a year ago on April 15, 2025 and May 20, 2025, respectively.

Part of the push back Plaintiff has received from its aggressive infringement campaign are declaratory judgment actions filed against Plaintiff involving its patents. One such declaratory judgment action was Case No. 2:24-cv-10694-MWC-

JC, filed on December 12, 2024, that was collectively brought by six parties, namely, iBeauty Limited Company, Dongguan Xianghuo Trading Co., Ltd., Dongguan Laiyang Trading Co., Ltd., Guangzhou Linyu Trading Co., Ltd., Guangzhou Lincan Electronic Technology Co., Ltd., and Guangzhou Senran Electronic Technology Co., Ltd. (collectively, the "iBeauty Parties").

The iBeauty Parties were originally represented by attorneys Qianwu Yang, Jing Chen, and Yi Yi. BLO substituted in for that case in March of 2025 and began representing the iBeauty Parties against Plaintiff.

In May of 2025, Plaintiff filed multiple individual infringement lawsuits against the iBeauty Parties, including Case No. 25-cv-04573-MWC-JC against Dongguan Xianghuo Trading Co., Ltd. ("Xianghuo"). Xianghuo again employed Qianwu Yang to represent it in that matter. Plaintiff later brought infringement counterclaims in the declaratory judgment Case No. 2:24-cv-10694-MWC-JC on June 30, 2025. Attorneys with BLO appeared in the 25-cv-04573-MWC-JC action on September 12, 2025 as Mr. Yang had requested assistance in presenting his preliminary injunction motion to the Court. This information, including the grounds for the preliminary injunction, is all a matter of public record.

During the course of the litigation against the iBeauty Parties, counsel for Plaintiff and counsel for the iBeauty Parties engaged in *preliminary* settlement discussions without any substantial progress. *See* Declaration of David Silver (DS Decl.), ¶ 1. When Plaintiff's counsel inquired about settlement discussions in August of 2025, counsel with BLO informed Plaintiff's counsel that settlement negotiations would be handled by a different third-party counsel; no attorney from BLO participated in those settlement negotiations. *Id*. at ¶ 2.

In October of 2025, Plaintiff's counsel informed BLO that the matters with the iBeauty Parties had settled and requested confirmation to dismiss the action

against the iBeauty Parties. *Id*. at ¶ 3. BLO informed Plaintiff's counsel that it had to confirm with the iBeauty Parties because it had not been involved with any of the discussions or negotiations that resulted in that settlement (the "iBeauty Settlement Agreement"). *Id* at ¶ 4. BLO further informed Plaintiff's counsel that it was also not aware of any of the terms of the purported iBeauty Settlement Agreement, or any other agreement, or what needed to be done prior to any dismissals being filed. *Id*. Ultimately, the actions involving the iBeauty Parties were dismissed in October of 2025.

Continuing on its infringement campaign to remove competitors from the market, Plaintiff filed multiple removals against the present Defendant in October and November of 2025. When Defendant tried to directly communicate with Plaintiff in an attempt to resolve the removals, as it believed the removals were improper, Plaintiff filed the present action.

Defendant has no connection or relationship to any of the iBeauty Parties and was not a party to or subject to the iBeauty Settlement Agreement.

At the end of December 2025, Defendant retained BLO to represent it in this action. BLO informed Plaintiff's counsel of its representation of the Defendant at that time. *Id*. at ¶ 5.

On January 12, 2026, Plaintiff's counsel sent a notice to the iBeuaty Parties alleging that they were in breach of the iBeauty Settlement Agreement due to BLO's representation of the Defendant in this case. *Id*. at ¶ 6. Plaintiff threatened that it would sue the iBeauty Parties for breach of the iBeauty Settlement Agreement if the Bayramoglu Law Offices did not withdraw from representing Defendant in this action. *Id*. According to the letter from Plaintiff's counsel, Plaintiff's argument was based on the supposed breach by the iBeauty Parties of sections 8 (regarding not challenging the patents) and 11 (regarding confidentiality) of the iBeauty

Settlement Agreement simply by BLO's representation of the Defendant in this case. *Id*. at ¶ 7. Plaintiff's counsel copied Mr. Yang and counsel with BLO in the correspondence to the iBeauty Parties. *Id*. BLO is not in possession of the iBeauty Settlement Agreement between Plaintiff and the iBeauty Parties. *Id*. at ¶ 8. When BLO requested a copy of the full iBeauty Settlement Agreement to better understand Plaintiff's claim of breach by the iBeauty Parties, Plaintiff's counsel refused. *Id*. Plaintiff's counsel still has not provided BLO with a copy of the iBeauty Settlement Agreement. *Id*. at ¶ 9.

In an attempt to figure out Plaintiff's claim for breach of the iBeauty Settlement Agreement, BLO obtained a single screenshot of what it believes is section 8 of that iBeauty Settlement Agreement, but it is not certain that this screen shot is from the actual signed iBeauty Settlement Agreement, or whether it is from a prior draft or something else altogether. *Id*. at ¶ 10.

Based on the initial letter and subsequent correspondence between Plaintiff's counsel and BLO, Plaintiff's entire threat to sue the iBeauty Parties is merely due to BLO representing Defendant in this action. *Id*. at ¶ 11. BLO is not in-house counsel for any of the iBeauty Parties, is not actively representing any of the iBeauty Parties, and is not acting on behalf of, or at the direction of any of the iBeauty Parties. *Id*. at ¶ 12.

BLO was not a party to, or involved in the negotiation or drafting of the iBeauty Settlement Agreement. *Id*. at ¶ 13. Plaintiff has not identified anything in the iBeauty Settlement Agreement that would appropriately prohibit Bayramoglu Law Offices from representing unrelated parties that are facing patent infringement allegations made by Plaintiff.

Plaintiff's threats regarding a breach of confidentiality are equally baseless. BLO confirmed that nothing relating to any prior settlement discussions were

mentioned to the current Defendant, nor would they be. *Id*. at ¶ 14. Additionally, BLO informed Plaintiff's counsel that Plaintiff was under no obligation to make any remotely similar offer if they did not desire to do so in the present case. *Id*. at ¶ 15. Therefore, any minimal and unsuccessful settlement disscisions that BLO participated in were preliminary and would have no bearing on the present case. No other supposedly confidential information was ever produced as the iBeauty Parties settled with Plaintiff shortly after the exchange of infringement and invalidity contentions, before any substantive discovery was taken, and without any production of documents designated as confidential under a protective order. *Id*. at ¶ 16. Not to mention that any confidential information Plaintiff may have would be discoverable in this litigation under a protective order in this case.

Since sending the initial letter to the iBeauty Parties, Plaintiff's counsel has continued to repeatedly harass the iBeauty Parties with threats of a breach of contract lawsuit and BLO with threats of a motion to disqualify it from representing the Defendant in this case. *Id*. at ¶ 17. Defendant and its counsel believe that Plaintiff's threats against the iBeauty Parties are without merit and are being made for no other purpose than seeking a tactical advantage and disrupting the representation of Defendant in this present matter by the counsel of its choice. *Id*. at ¶ 18. Plaintiff's simultaneous threats to move to disqualify BLO from this action are equally without merit and again appear to be nothing more than an attempt to obtain a tactical advantage and disrupt the current litigation. *Id*.

What Plaintiff's meritless and repeated threats have accomplished is fabricating a conflict between BLO and its clients. The iBeauty Parties would not want to defend against a baseless lawsuit brought by Plaintiff for breach of the iBeauty Settlement Agreement. Defendant in this case does not want to have this case delayed on baseless procedural matters created by Plaintiff. Therefore, while

1 BLO in no way concedes that there is an actual conflict with its former clients, the
2 iBeauty Parties, and its current client, the Defendant in this case, BLO is being
3 forced to withdraw as a result of Plaintiff's continuous threats to sue the iBeauty
4 Parties for breach of the iBeauty Settlement Agreement, an agreement that BLO is
5 not a party to, and had no involvement in its negotiation or execution. *Id*. at ¶ 19.

## **POINTS AND AUTHORITY**

L.R. 83-2.3.2 states, in pertinent part, that "[a]n attorney may not withdraw as counsel except by leave of court. A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action. The motion for leave to withdraw must be supported by good cause." Here, BLO is requesting leave of the Court for the withdrawal, has provided written notice of this motion to all parties, including the Defendant and Plaintiff, and can present good cause for the withdrawal.

Additionally, because Defendant is an organization, L.R. 83-2.3.4 requires that "[a]n attorney requesting leave to withdraw from representation of an organization of any kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) must give written notice to the organization of the consequences of its inability to appear pro se." Here, BLO has informed the Defendant of the potential consequences of representing themselves and the inability of the corporate defendants to represent themselves pro se. DS Decl. at ¶ 20. Defendant intends to have replacement counsel appear on its behalf and requests time to find such counsel and have them appear in this action.

For good cause, the California courts have determined that the state's professional conduct rules give courts discretion to grant or deny an attorney's request to withdraw. *See Mandell v. Superior Court*, 136 Cal. Rptr. 354, 355 (Ct.

App. 1977). One such good cause for withdrawal is for "conduct [that] renders it unreasonably difficult for the member to carry out the employment effectively." *See Cal. R. Prof'l Conduct* § 3–700(C)(1)(d). Here, BLO's representation of Defendant in this matter has become unreasonably difficult for BLO to carry out its employment effectively due to Plaintiff's threats to sue BLO's prior clients solely from BLO's representation of Defendant in this matter. Defendant has been informed of the status of the case and the possible consequences of not having counsel. DS Decl. at ¶ 21.

In any event, an attorney needs to take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3–700(D), and complying with applicable laws and rules." *See Cal. R. Prof'l Conduct* § 3–700(A)(2). Here, BLO has provided Defendant with proper notice of the withdrawal, has prepared copies of all relevant documents in this case to send to Defendant upon request, and are presently requesting the Court to grant forty (40) days for Defendant to find new counsel to prevent any possible prejudice. DS Decl. at ¶ 22. The reason for requesting 40 days as opposed to 30 days is to accommodate for any delays relating to the upcoming Chinese New Year and prevent any prejudice in allowing Defendant to timely find new counsel. *Id*. at ¶ 23. Plaintiff's counsel has informed BLO that Plaintiff does not oppose the 40-day timeline for Defendant to find new counsel. *Id*.

In addition to BLO withdrawing its representation in this matter, BLO is simultaneously requesting the withdrawal of the currently pending motion for preliminary injunction (Dkt. No. 12). The withdrawal of the motion for preliminary injunction is being withdrawn due to the continued threats of Plaintiff's counsel to sue the iBeauty Parties and allege violations of the Rule of Professional Conduct

No. 1.9 to the Court. *Id*. at ¶ 24. Plaintiff's counsel maintained that even if BLO withdrew its representation from this matter, should BLO not also withdraw the preliminary injunction motion, Plaintiff would still sue the iBeauty Parties and raise alleged violations of RPC No. 1.9 by BLO to the Court. *Id*. Defendant reserves any and all rights to have any newly appearing counsel re-file any desired preliminary injunction motion. Since the preliminary injunction is being withdrawn, and Plaintiff has yet to file a proof of service, Defendant believes the current schedule can be maintained during this time.

      The California Courts will analyze multiple factors, "including 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." *CE Res., Inc. v. Magellan Group, LLC*, 2009 U.S. Dist. LEXIS 100776, at *4–5 (E.D. Cal. Oct. 14, 2009). Here, withdrawal is sought in light of Plaintiff's repeated threats of separate actions against the iBeauty Parties should BLO not withdraw, putting BLO in a difficult situation if forced to continue representation without Plaintiff withdrawing its threats made against the iBeauty Parties. BLO acknowledges the upcoming initial status conference and preliminary injunction hearing date set for March 2, 2026. BLO confirms that the motion for preliminary injunction is being requested to be withdrawn herein. Defendant is aware of the upcoming hearing date and requests the initial status conference be continued until after Defendant has time to retain new counsel. As Plaintiff has also been repeatedly demanding the withdrawal of BLO from this action, Plaintiff cannot reasonably argue any prejudice resulting from the withdrawal being filed. Likewise, there is no harm the withdrawal will cause to the administration of the case. With the preliminary injunction withdrawn and the initial status conference continued until after Defendant has time to retain

new counsel, the case can proceed without further delay. The delay caused will, at most, be the forty days requested for Defendant to find new counsel, which is not a prohibitively long delay at such an early stage in the litigation. Therefore, the factors weigh in favor of granting the present motion to withdraw.

Lastly, BLO and Plaintiff's counsel had previously discussed a waiver of service in exchange for ninety (90) days for Defendant to file a responsive pleading. DS Decl. at ¶ 25. While Plaintiff has not yet sent the waiver of service, and it does not seem appropriate for BLO to sign such a waiver at this time, Plaintiff's counsel agreed to provide such waiver to any newly retained counsel for Defendant. *Id*. After any new counsel for Defendant appears and Plaintiff provides the waiver of service, Defendant will have the ninety days to respond to the Complaint at that time. This would also allow any new counsel for Defendant to come up to speed regarding the facts of this case without further delaying any proceedings,

## CONCLUSION

For the foregoing reasons, Defendant requests that the Court grant Defendant's Counsel's Motion to Withdraw and provide Defendant with 40 days to find new counsel. After new counsel appears for Defendant, Plaintiff's counsel will send the waiver of service to Defendant's new counsel and allow for 90 days to file a responsive pleading.

| | |
|---|---|
| Dated: February 10, 2026 | Respectfully submitted, |
| | By: */s/ David Silver* |
| | David Silver |
| | **Bayramoglu Law Offices LLC** |
| | 1540 West Warm Springs Road, Ste. 100 |
| | Henderson, NV 89014 |
| | Tel: (702) 462-5973 |
| | Fax: (702) 553-3404 |
| | david@bayramoglu-legal.com |
| | *Attorneys for Defendant* |

## **CERTIFICATE OF SERVICE**

I, David Silver, hereby certify that on February 10, 2026, I electronically filed the foregoing with the Court using the CM/ECF system, and thereby delivered the foregoing by electronic means to all counsel of record.

By: */s/ David Silver*
DAVID SILVER, ESQ.

NOTICE OF MOTION RE DEFENDANT'S COUNSEL'S MOTION TO WITHDRAW   CASE NO. 2:25-cv-11331-MWC-AS